IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Alexander Jeremiah Clifford Brown,<br><br>Petitioner,<br>v.<br><br>Charles L. Ryan, et al.,<br><br>Respondents. | No. CV-16-01635-PHX-SPL<br><br>**ORDER** |

The Petitioner, Alexander Jeremiah Clifford Brown, at the time of the Petition, was incarcerated in Kingman, Arizona. The Petitioner, on January 1, 2004, was convicted of one count of child abuse as a dangerous offense (count one) and one count of non-dangerous child abuse (count two), and subsequently sentenced to 17 years imprisonment (Doc. 11-1, Ex. E, at 25-29).

Petitioner filed a *pro se* Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 (Doc. 1). Respondents filed a Limited Answer (Doc. 11), and Petitioner filed a Reply (Doc. 14). United States Magistrate Judge John Z. Boyle has issued a Report and Recommendation ("R&R") recommending that the Court deny and dismiss the petition (Doc. 16). The Petitioner subsequently filed a Motion to Stay Execution of Sentence (Doc. 17), and timely filed Objections to the R&R (Doc. 18). Additionally, the Petitioner filed a Motion for Leave to File Supplemental Pleadings (Doc. 19). Petitioner does not object to the correctness of the factual background in the R&R, which the Court adopts and incorporates. For the following reasons, the Court accepts and adopts the R&R, and

denies the petition.

A district judge "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b). When a party files a timely objection to an R&R, the district judge reviews *de novo* those portions of the R&R that have been "properly objected to." Fed. R. Civ. P. 72(b). A proper objection requires specific written objections to the findings and recommendations in the R&R. *See United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003); 28 U.S.C. § 636(b)(1). It follows that the Court need not conduct any review of portions to which no specific objection has been made. *See Reyna-Tapia*, 328 F.3d at 1121; *see also Thomas v. Arn*, 474 U.S. 140, 149 (1985) (discussing the inherent purpose of limited review is judicial economy). Further, a party is not entitled as of right to *de novo* review of evidence or arguments which are raised for the first time in an objection to the R&R, and the Court's decision to consider them is discretionary. *United States v. Howell*, 231 F.3d 615, 621-622 (9th Cir. 2000).

When the Petitioner filed his Writ of Habeas Corpus, he raised one ground for relief alleging ineffective assistance of counsel in connection with his plea proceedings and his state post-conviction proceedings (Doc. 1). Petitioner specifically objected to the R&R arguing Judge Boyle failed to interpret the AEDPA's one-year time limit, held the Petitioner to a higher degree of due diligence and that his lawyers failed to have a mental competency evaluation performed on the Petitioner prior to any discussions of adjudication in the case (Doc. 18).

The Court finds that Judge Boyle correctly concluded that when the Petitioner filed the second and third successive PCR petitions, the statute of limitations was not tolled. Furthermore, the Court finds that if the deadline was reset to reflect the date of the plea agreement amendment, the statute of limitations would have expired years prior. The Court did not find any extraordinary circumstances or diligence on the part of the Petitioner that would trigger his entitlement to equitable tolling. Additionally, this Court did not find that Judge Boyle held the Petitioner to a higher degree of due diligence.

The Court has undertaken an extensive review of the sufficiently developed record and the issues presented in the objections. Having carefully reviewed the record, the Petitioner has not shown that he is entitled to habeas relief pursuant to 28 U.S.C. § 2244. Finding none of Petitioner's objections have merit, the R&R will be adopted in full. Accordingly,

**IT IS ORDERED:**

1. That Magistrate Judge Boyle's Report and Recommendation (Doc. 16) is **accepted** and **adopted** by the Court;

2. That the Motion to Stay Execution of Sentence (Doc. 17) is **denied**;

3. That the Motion for Leave of the Court to File Supplemental Pleadings (Doc. 19) is **denied**;

4. That the Petitioner's Objections (Doc. 18) are **overruled**;

5. That the Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2244 (Doc. 1) is **denied** and this action is **dismissed with prejudice**;

6. That a Certificate of Appealability and leave to proceed *in forma pauperis* on appeal are **denied** because the dismissal of the Petition is justified by a plain procedural bar and reasonable jurists would not find the ruling debatable; and

7. That the Clerk of Court shall **terminate** this action.

Dated this 6th day of July, 2017.

Honorable Steven P. Logan
United States District Judge